UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| RAYMOND L. WEATHERS, JR., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 1:24-cv-00116-SEB-KMB |
| ) | |
| OFFICER NDIAYE, et al., ) | |
| ) | |
| Defendants. ) | |

**Order Granting Motion for Summary Judgment
and Directing Entry of Final Judgment**

Plaintiff Raymond Weathers, Jr., filed this action contending that his constitutional rights were violated while he was a pretrial detainee at the Hamilton County Jail ("the Jail"). Mr. Weathers alleges that the three Defendants used excessive force on him in May 2022 after he dumped out a mop bucket. Dkt. 26. Defendants move for summary judgment arguing that Mr. Weathers failed to exhaust his available administrative remedies as required by the Prison Litigation Reform Act ("PLRA") before filing this lawsuit. For the reasons explained below, the motion for summary judgment, dkt. [37], is **GRANTED** and the action is **DISMISSED WITHOUT PREJUDICE.** Additionally, Defendants' motion to strike surreply, dkt. [64], is **DENIED**.

**I.
Summary Judgment Standard**

A motion for summary judgment asks the Court to find that a trial is unnecessary because there is no genuine dispute as to any material fact and, instead, the movant is entitled to judgment as a matter of law. *See* Fed. R. Civ. P. 56(a). When reviewing a motion for summary judgment, the Court views the record and draws all reasonable inferences from it in the light most favorable to the nonmoving party. *Khungar v. Access Cmty. Health Network*, 985 F.3d 565, 572–73 (7th Cir.

1

2021). It cannot weigh evidence or make credibility determinations on summary judgment because those tasks are left to the fact-finder. *Miller v. Gonzalez*, 761 F.3d 822, 827 (7th Cir. 2014). A court only has to consider the materials cited by the parties, *see* Fed. R. Civ. P. 56(c)(3); it need not "scour the record" for evidence that might be relevant. *Grant v. Trs. of Ind. Univ.*, 870 F.3d 562, 573−74 (7th Cir. 2017) (cleaned up).

A party seeking summary judgment must inform the district court of the basis for its motion and identify the record evidence it contends demonstrates the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett,* 477 U.S. 317, 323 (1986).

Whether a party asserts that a fact is undisputed or genuinely disputed, the party must support the asserted fact by citing to particular parts of the record, including depositions, documents, or affidavits. Fed. R. Civ. P. 56(c)(1)(A). Failure to properly support a fact in opposition to a movant's factual assertion can result in the movant's fact being considered undisputed, and potentially in the grant of summary judgment. Fed. R. Civ. P. 56(e).

## II.
## Factual Background

At all times relevant to the claims in this suit, Mr. Weathers was a pretrial detainee at the Hamilton County Jail. Dkt. 26. Mr. Weathers was detained in the Jail from September 5, 2021 to October 28, 2022. Dkt. 38-1 at 2.

On May 21, 2022, Defendants Officer Ndiaye, Officer Moore, and Officer Leninger used force on Mr. Weathers, which they allege was due to his noncompliance and resistance. Dkt. 38-1 at 4. Mr. Weathers alleges this use of force was excessive and is proceeding against Defendants on a Fourteenth Amendment excessive force claim. Dkt. 29. Mr. Weathers was transported to Riverview Hospital in Noblesville, Indiana on May 21, and returned to the Jail on May 22 to be housed in the Medical Housing Unit. Dkt. 38-1 at 4.

A. **Hamilton County Jail Grievance Process**

The Hamilton County Jail has a standardized offender grievance process that was in place during the time Mr. Weathers alleges his rights were violated, as set forth in the inmate handbook. Dkt. 38-1 at 1-2, 32-33.

The grievance process provides that, "[i]nmates are required to attempt to solve their issues with the corrections staff prior to filling out a grievance." *Id.* at 32. The procedure further states: "If necessary, seek another officer to attempt to solve your problem. If no solution is reachable then a request may be filed concerning the issue." *Id.* A request is not a grievance, but it is completed in the same manner, by using the inmate kiosks. *Id.* at 3. A request is also known as an inmate request form. *Id.* "If [the inmate] still believe[s] [their] situation was not handled correctly, then [they] should fill out a grievance." *Id.* at 32.

The inmate grievance process contained three steps:

1. A grievance shall be completed on the inmate kiosk, showing date, and statement of the grievance.

2. The Jail Commander or his/her designee shall respond to the grievance within 7-10 days of the grievance's receipt.

3. If the inmate is dissatisfied with the Jail Commander or designee's response, the inmate must appeal within 5 days of receipt of the response to the grievance.

*Id*. at 3, 33. For inmates to exhaust all available administrative remedies, they must complete each step of the grievance procedure. *Id.* This means that an inmate must timely file an appeal if the inmate is dissatisfied with the response received. *Id*.

Inmate kiosks are available throughout the Jail for inmates to access. *Id.* at 3, 33-34. "Kiosks are available in every housing unit," including the Medical Housing Unit. *Id*. at 4, 34.

### B. Plaintiff's Participation in the Grievance Process

Mr. Weathers viewed the inmate handbook containing the grievance process on January 17, 2022. Dkt. 38-1 at 2.

After the incident on May 21, 2022, Mr. Weathers submitted a grievance on June 7. *Id*. at 79. Mr. Weathers' grievance stated: "I want the officers names that broke my arm on the 21st of may @ around 8-9 o'clock cell block E5 please." *Id*. For grievance outcome, Mr. Weathers stated, "Just to inform me of the officers names cause I don't remember." *Id*.

The next day, Galen Hart reviewed and responded to the grievance, stating "[y]ou can use your attorney to get the names or go through the court system." *Id.* Mr. Weathers viewed the staff response on June 10, and on several other occasions, but there is no record that he appealed the decision. *Id*. at 5, 79. Mr. Weathers does not dispute that he did not appeal the grievance. Dkts. 56, 57-1.

### III. Discussion

The PLRA requires that a prisoner exhaust available administrative remedies before suing over prison conditions. 42 U.S.C. § 1997e(a). "[T]he PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter v. Nussle*, 534 U.S. 516, 532 (2002) (citation omitted).

"To exhaust administrative remedies, a prisoner must comply strictly with the prison's administrative rules by filing grievances and appeals as the rules dictate." *Reid v. Balota*, 962 F.3d 325, 329 (7th Cir. 2020) (*citing Woodford v. Ngo*, 548 U.S. 81, 90-91 (2006)). A "prisoner must submit inmate complaints and appeals 'in the place, and at the time, the prison's administrative

4

rules require.'" *Dale v. Lappin*, 376 F.3d 652, 655 (7th Cir. 2004) (quoting *Pozo v. McCaughtry*, 286 F.3d 1022, 1025 (7th Cir. 2002)).

"Because exhaustion is an affirmative defense," Defendants face the burden of establishing that "an administrative remedy was available and that [Mr. Weathers] failed to pursue it." *Thomas v. Reese*, 787 F.3d 845, 847 (7th Cir. 2015). "[T]he ordinary meaning of the word 'available' is 'capable of use for the accomplishment of a purpose,' and that which 'is accessible or may be obtained.'" *Ross v. Blake*, 578 U.S. 632, 642 (2016) (internal quotation omitted). "[A]n inmate is required to exhaust those, but only those, grievance procedures that are capable of use to obtain some relief for the action complained of." *Id*. (internal quotation omitted).

The Seventh Circuit "has taken a strict compliance approach to exhaustion." *Wilborn v. Ealey*, 881 F.3d 998, 1004 (7th Cir. 2018). "An inmate must comply with the administrative grievance process that the State establishes.…" *Id*.; *see also Ross,* 578 U.S. at 639 (the mandatory language of the PLRA "means a court may not excuse a failure to exhaust…").

Defendants correctly argue that the record demonstrates beyond dispute that Mr. Weathers failed to exhaust available administrative remedies before filing suit. Mr. Weathers filed a grievance on June 7, that simply asked for the names of the officers involved in the May 21 incident. Defendants argue that this grievance did not constitute Mr. Weathers properly utilizing his administrative remedies prior to suit. The Seventh Circuit has held that "a grievance suffices if it alerts the prison to the nature of the wrong for which redress is sought." *Strong v. David*, 297 F.3d 646, 650 (7th Cir. 2002). Here, Mr. Weathers's grievance only requested officer names and did not put the Jail on notice of his allegation of excessive force. *See Schillinger v. Kiley*, 954 F.3d 990, 995-96 (7th Cir. 2020) (holding that a prisoner satisfies the exhaustion requirement by giving prison officials "notice of, and an opportunity to correct, a problem"); *Maddox v. Love*, 655

5

F.3d 709, 722 (7th Cir. 2011) (holding that exhaustion is designed to provide the prison with notice of the problem and give them an opportunity to fix it).

Even if this grievance was sufficient, it is undisputed that Mr. Weathers did not appeal the response to his grievance. His dissatisfaction with the "dismissive, unhelpful" grievance response from the Jail official did not render the process unavailable to him. Dkt. 63 at 1-2. Mr. Weathers provides no evidence that he even attempted to submit a grievance appeal. "No one can know whether administrative requests will be futile; the only way to find out is to try." *Perez v. Wis. Dep't of Corr.*, 182 F.3d 532, 536 (7th Cir. 1999). There is no "futility" exception to the PLRA's exhaustion requirement. *Booth v. Churner*, 532 U.S. 731, 736 n.6 (2001) ("[W]e will not read futility or other exceptions into statutory exhaustion requirements where Congress has provided otherwise."); *Ross*, 578 U.S. at 639 ("availability" is the "one significant qualifier" on PLRA's mandatory exhaustion requirement).

Mr. Weathers argues that the grievance system was unavailable to him because access to kiosks and tablets was limited to him in the medical unit, and "at least two correctional officers threatened or otherwise discouraged" him from pursuing any "claims." Dkt. 57-1 at 1-2. Mr. Weathers also argues that the response to his grievance, directing him to use his attorney or go through the court system to get the officers' names, rendered the grievance process unavailable as a "dead end" and thwarted his efforts. Dkt. 56 at 3-5.

"Showing a remedy to be a 'dead end' is a tall task." *Wallace v. Baldwin*, 55 F.4th 535, 543 (7th Cir. 2022). The proof required to show availability is "low" and only requires "the possibility of some relief." *Green Haven Prison Preparative Meeting of Religious Soc'y of Friends v. New York State Dep't of Corr. & Cmty. Supervision*, 16 F.4th 67, 82 (2nd Cir. 2021). Merely using the

6

label "dead end" is insufficient. *See id*. (Plaintiffs failed to support their claim that the grievance process was a dead end when they provided no evidence to support the assertion).

Despite Mr. Weathers's arguments, he has submitted no evidence of unavailability or to support his evidence of the process being a "dead end". Mr. Weathers does not dispute his awareness of the grievance procedure, or that it was available to him on a kiosk or tablet. Mr. Weathers's inmate records also demonstrate that he submitted twenty-one requests and grievances on the tablet or kiosk in his time in the Jail's medical unit. Dkt. 38-1 at 66, 68-69, 71-89.

Mr. Weathers's affidavit testimony that "at least two correctional officers" discouraged or threatened him from pursuing his "claims" is similarly insufficient. Dkt. 57-1 at 2. It is true that "[a] remedy is not considered 'available' to an inmate who is prevented by threats or intimidation by prison officials from submitting a grievance according to the prescribed policies." *Gooch v. Young,* 24 F.4th 624, 628 (7th Cir. 2022). However, it is unclear from Mr. Weathers's testimony if this threat was even related to the grievance process, and there is no argument or evidence that Mr. Weathers was discouraged or prevented from filing a grievance appeal or using the tablets and kiosks.

Lastly, Mr. Weathers's arguments that tablet access was limited is similarly unpersuasive. Mr. Weathers argues the limited ability to access the tablets in the medical unit was because they were hooked to chargers. Dkt. 57-1. Yet, the evidence reveals that the tablets were readily available to him throughout June 2022, evidenced by the twenty other inmate requests submitted on the tablet while he was in the medical unit. Dkt. 38-1 at 66, 68-69, 71-89.

Defendants have met their burden of proving that Mr. Weathers "had available [administrative] remedies that he did not utilize." *Dale*, 376 F.3d at 656. The undisputed record reflects that Mr. Weathers was aware of the grievance process and failed to complete the process

7

consistent with the steps outlined in the Inmate Handbook; specifically, he did not appeal the grievance.

In short, Mr. Weathers did not complete the available administrative process as required before filing this lawsuit. *Reid*, 962 F.3d at 329. The consequence of his failure to exhaust his administrative remedies, in light of 42 U.S.C. § 1997e(a), is that his claims against Defendants must be dismissed without prejudice. *Id*; *see also Ford v. Johnson,* 362 F.3d 395, 401 (holding that "*all* dismissals under § 1997e(a) should be without prejudice.").

### IV. Conclusion

For the above reasons, Defendants' motion for summary judgment, dkt. [37], is **GRANTED**. Defendants' motion to strike Plaintiff's surreply, dkt. [64], is **DENIED.**

Judgment dismissing this action without prejudice shall now issue.

**IT IS SO ORDERED.**

Date:  1/23/2026

*[signature]*

SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

Distribution:

Cynthia M. Carter
Cynthia Carter
attorneycarter@cynthiamcarterlaw.com

Sean Robert Moore
sean.moore.madisoncopd@gmail.com

Adam Scott Willfond
Hamilton County Legal Department
adam.willfond@hamiltoncounty.in.gov